BWW#: VA-188635

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| IN RE: | Case No. 15-50204-RBC |
| ROBIN L BAYNE | |
|     Debtor | Chapter 13 |

_____

CITIFINANCIAL, INC. D/B/A
CITIFINANCIAL, INC. (WV)
    Movant

v.

ROBIN L BAYNE
    Debtor/Respondent

and

LESLIE A. BAYNE
    Co-Debtor/Co-Respondent

and

HERBERT L. BESKIN
    Trustee/Respondent

_____

## AGREED ORDER MODIFYING THE AUTOMATIC STAY AND CO-DEBTOR STAY

    This matter comes before the Court on the Motion for Relief from Automatic Stay and Co-Debtor Stay Pursuant to 11 U.S.C. § 1301(c)(3), filed on March 29, 2016 (the "Motion") on behalf of CitiFinancial, Inc. d/b/a CitiFinancial, Inc. (WV) (the "Movant"), by counsel.

    WHEREAS, the Movant is the current holder of the promissory note in the original principal amount of $179,526.74 (the "Note"), the payment of which is secured by a deed of trust dated April 22, 2003 (the "Deed of Trust"), which Deed of Trust encumbers real property known as 165 Valley Memory Lane, Front Royal, VA 22630 (the "Property") and more particularly described as follows:

ALL THAT CERTAIN PARCEL OF LAND IN CITY OF FORK MAGISTERIAL DISTRICT, WARREN COUNTY, COMMONWEALTH OF VIRGINIA, AS MORE FULLY DESCRIBED IN DEED INST #970000878, ID#XX-X-X-XX, BEING KNOWN AND DESIGNATED AS LOT 10, VALLEY FARMS, FILED IN PLAT BOOK 153, PAGES 457-458.

_____

Andrew Todd Rich, VSB# 74296
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804) 282-0463
*Counsel for the Movant*

BY FEE SIMPLE DEED FROM THE ESTATE OF BETTY LEE SAMPSON AS SET FORTH AS INST # 970000878 DATED 02/21/1997 AND RECORDED 02/21/1997, WARREN COUNTY RECORDS, COMMONWEALTH OF VIRGINIA.; and

WHEREAS, Robin L. Bayne (the "Debtor") and the Movant have reviewed the Motion and reached an agreement in this matter, the terms of which are set forth herein; and

WHEREAS, the co-debtor(s) has/have not filed a timely response to the Motion,

NOW THEREFORE, it is hereby

**O R D E R E D**

that the automatic stay imposed by 11 U.S.C. §362(a) shall be and the same is MODIFIED, pursuant to 11 U.S.C. §362(d), to permit the Movant to take such action as may be necessary to enforce its lien of the Deed of Trust, including the initiation of foreclosure proceedings against the Property and commencement of any action to obtain possession of the Property as permitted by applicable state law.

IT IS FURTHER ORDERED that the provisions lifting the automatic stay in this Agreed Order Modifying the Automatic Stay (the "Agreed Order") are stayed, contingent upon the Debtor's continued compliance with the terms of this Agreed Order, and provided that the following conditions are met:

1.  The Debtor shall resume making regular monthly installment payments to the Movant in the amount of $856.32 (subject to adjustment due to interest rate changes, changes to escrow and all other conditions and obligations set forth in the Note and Deed of Trust), commencing on April 25, 2016, and the Debtor shall continue to make regular monthly installment payments every month thereafter as the payments become due, in accordance with the Note. The debtor shall provide to the trustee, within twenty-one (21) days of entry of this order, evidence that a recurring and automatic bill pay at his bank has been established for the purpose of remitting the ongoing mortgage payments to the Movant.

2.  The Debtor shall cure the post-petition arrearage due to the Movant through February 25, 2016, in the total amount of $3,317.16, which includes 1 partial post-petition monthly payment due on January 25, 2016 in the amount of $778.52, 2 post-petition monthly payments due from February 25, 2016 through March 25, 2016 in the amount of $856.32 each, filing fees of $176.00, and attorney's fees of $650.00, by making the following payments to the Movant:

    a.   $552.86 on or before May 10, 2016;
    b.   $552.86 on or before June 10, 2016;

      c.       $552.86 on or before July 10, 2016;
      d.       $552.86 on or before August 10, 2016;
      e.       $552.86 on or before September 10, 2016; and
      f.       $552.86 on or before October 10, 2016.

3. All payments shall be made payable to the Movant at the following address:

> CitiFinancial, Inc. D/B/A
> CitiFinancial, Inc. (WV)
> P.O. Box 70918
> Charlotte, NC  28272

4. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the Trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor.  The notice of default will state in simple and plain language:

    a.    That the Debtor is in default in making at least one payment required under this order;
    b.    The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.    The action necessary to cure the default, including any address to which payments must be mailed;
    d.    That the Debtor or Trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i.    cure the default;
        ii.    file an objection with the court stating that no default exists; or
        iii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e.    That if the Debtor or Trustee do not take one of the actions set forth in paragraph 4(d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or Trustee do not take one of the actions set forth in paragraph 4(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the Debtor nor the Trustee have taken one of the actions set forth in paragraph 4(d) and may submit together with the certificate a draft order, endorsed by the trustee, terminating the automatic stay.

If the Debtor or Trustee file an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the Trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, and an additional $50.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

IT IS FURTHER ORDERED that if the holder of any other deed of trust encumbering the Property obtains relief from the automatic stay, then the Movant herein is automatically granted relief from the automatic stay.

IT IS FURTHER ORDERED that upon entry of an order terminating the stay, the Trustee will cease making any payments on the Movant's secured claim which were required by the plan. Within 180 days of the entry of an order terminating the stay, the Movant must file an amended unsecured claim for any deficiency (which claim must include documentation proving that the Movant has liquidated its collateral and applied the proceeds of sale in accordance with applicable state law) or such claim against the bankruptcy estate shall be forever barred.

IT IS FURTHER ORDERED that the Movant shall promptly notify the Court and the Trustee in writing of the results of any foreclosure sale of the Property conducted by the Movant, and shall pay to the Trustee any excess funds received from that foreclosure sale. Upon payment

of the funds as set forth herein, the Movant shall be free of any further duties or responsibilities in regards to the excess proceeds paid to the Trustee.

　　　　IT IS FURTHER ORDERED that relief is granted as to the co-debtor(s) from the co-debtor stay imposed by 11 U.S.C. §1301(a).

　　　　IT IS ORDERED.

Date: May 5, 2016

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Rebecca B Connelly
　　　　　　　　　　　　　　　　　　　　　　　　Judge, U.S. Bankruptcy Court
　　　　　　　　　　　　　　　　　　　　　　　　for the Western District of Virginia
　　　　　　　　　　　　　　　　　　　　　　　　Harrisonburg Division
　　　　　　　　　　　　　　　　　　　　　　　　Entered on Docket: 05/05/2016

**WE ASK FOR THIS:**

_/s/ Andrew Todd Rich__
Andrew Todd Rich, VSB# 74296
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Movant*

**SEEN AND AGREED:**

_/s/ John Paul Goetz_____
John Paul Goetz, Esq.
John Goetz Law, PLC
75 West Lee Street, Suite 104
Warrenton, VA  20186
*Counsel for the Debtor*

**SEEN:**

_/s/ Herbert L. Beskin_
Herbert L. Beskin, Trustee
PO Box 2103
Charlottesville, VA 22902
*Chapter 13 Trustee*

## CERTIFICATION

I HEREBY CERTIFY that the foregoing proposed Agreed Order Modifying the Automatic Stay and Co-Debtor Stay has been endorsed by or on behalf of all necessary parties.

_/s/ Andrew Todd Rich_
Andrew Todd Rich

cc:

BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

John Paul Goetz, Esq.
John Goetz Law, PLC
75 West Lee Street, Suite 104
Warrenton, VA  20186

Herbert L. Beskin, Trustee
PO Box 2103
Charlottesville, VA 22902

Robin L. Bayne
165 Valley Memory Lane
Front Royal, VA  22630

Leslie A. Bayne
165 Valley Memory Lane
Front Royal, VA  22630